# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-15-393 |
| SYLVIA PRICE, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Sylvia Price is currently in the custody of the Federal Bureau of Prisons serving a 75-month sentence for conspiracy to participate in a racketeering enterprise and aggravated identity theft. Pending before the Court is Ms. Price's Emergency Motion for Reduction of Sentence Due to Immediate Threat Posed by COVID-19 Pandemic. ECF No. 639. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Ms. Price's Emergency Motion is denied.

### I. BACKGROUND

On July 13, 2015, Ms. Price was indicted, along with numerous other defendants, with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). ECF No. 1. On August 15, 2016, a Superseding Information was filed charging Ms. Price with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count Two). ECF No. 270. On August 22, 2016, pursuant to a plea agreement, Ms. Price pleaded guilty to both counts in the Superseding Information. ECF No. 278. On December 22, 2016, she was sentenced to 51

months on Count One and a consecutive 24 months on Count Two, for a total of 75 months' imprisonment. ECF No. 368.

On March 31, 2020, Ms. Price filed the pending Emergency Motion for Reduction of Sentence Due to Immediate Threat Posed by COVID-19 Pandemic. ECF No. 639. The Government filed a response on April 6, 2020. ECF No. 641.

## II. DISCUSSION

Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, Ms. Price asks the Court to reduce her sentence and release her from custody due to the danger posed by the current COVID-19 pandemic, citing the virus' rate of infection and death, the difficulties faced by individuals who are incarcerated in preventing the spread of the virus, and Ms. Price's age and health history. The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic." *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020).[1] Virtually every sector of public life has been affected, and experts tell us that the rate of infections has yet to peak in the United States. *See United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020). The Court certainly has concern for all individuals inside and outside of custody as we all grapple with COVID-19.

But as concerning as the COVID-19 pandemic is, the Fourth Circuit has been clear that a court is without authority to modify a sentence except in conformity with the specific circumstances and procedures established by 18 U.S.C. § 3582(c). *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating that a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").

Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under certain limited circumstances. These circumstances include where "extraordinary and compelling reasons warrant such a reduction" or where modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. §§ 3582(c)(1)(A)(i), (B).[2] Where a court modifies a sentence based on "extraordinary and compelling reasons," it can only do so "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). "The exhaustion requirements of § 3582(c) are jurisdictional in nature," and the Court may not waive them. *United States v. Johnson*, No. RDB-14-441, ECF No. 192 at 5 (D. Md. Apr. 3, 2020).

Here, the Court finds that it does not have authority to reduce Ms. Price's sentence at this time. Although the COVID-19 pandemic could be an "extraordinary and compelling reason" to modify a sentence under certain circumstances, Ms. Price has not shown that she has exhausted her administrative remedies by appealing the Bureau of Prison's failure to bring a motion on her behalf or that the thirty-day statutory waiting period has passed since she submitted such a request to the warden of her facility. *See* 18 U.S.C. § 3582(c)(1)(A). "Until these requirements

---

[2] A court may also modify a sentence where relevant changes in the sentencing guidelines occurred subsequent to the defendant's sentencing or where, subject to administrative exhaustion requirements, the defendant is at least 70 years old, has served at least 30 years in prison, and is not a danger to the community. *See* 18 U.S.C. §§ 3582(c)(1)(A)(ii), (2). Neither of these circumstances are applicable here.

are satisfied, this Court lacks jurisdiction to entertain [Ms. Price's] motion." *Johnson*, No. RDB-14-1441, ECF No. 192 at 12–13.

Nor is Ms. Price's Motion "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." First, Ms. Price has not identified any relevant statute that might authorize her release. She has also failed to demonstrate that her Motion is intended to correct a clear error "[w]ithin 14 days of sentencing," *see* Fed. R. Crim. P. 35(a), and the Motion is not one made by the Government to reduce Ms. Price's sentence based on substantial assistance, *see* Fed. R. Crim. P. 35(b) (providing that a court may correct or reduce a sentence upon motion by the government at any time where the defendant has provided substantial assistance in investigating or prosecuting another person). Section 3582(c) therefore does not provide a basis for reducing Ms. Price's sentence, so her Emergency Motion must be denied.[3]

### III. CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Ms. Price's Emergency Motion for Reduction of Sentence Due to Immediate Threat Posed by COVID-19 Pandemic, ECF No. 639, is **DENIED**.

Date: April 7, 2020

/s/
GEORGE J. HAZEL
United States District Judge

---

[3] Ms. Price contends that her continued imprisonment during the COVID-19 pandemic violates the Eighth Amendment. COVID-19 is a global pandemic that all citizens of the world are struggling to combat. Given all of the information that is currently available, there is no reason for the Court to believe that the facility where Ms. Price is currently incarcerated is not taking reasonable precautions to prevent spread within the facility nor is there reason to believe that Ms. Price would not be provided with appropriate medical care if she were unfortunate enough to join the hundreds of thousands of people who have been inflicted with this virus.